# IN THE COURT OF APPEALS OF IOWA

No. 15-0151
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUIS ANTONIO MALDONADO JR.,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


        Luis Maldonado Jr. appeals following his guilty plea to one count of

assault with intent to commit serious injury.  **AFFIRMED.**


        Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for

appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, Judge.**

Luis Maldonado Jr. appeals following his guilty plea to one count of assault with intent to commit serious injury, an aggravated misdemeanor, in violation of Iowa Code section 708.2(1) (2013).  He claims the district court erred in accepting his guilty plea[1] and his attorney was ineffective in not filing a motion in arrest of judgment because there was not a factual basis in the plea document, and the court did not make express findings as to any additional parts of the record, to support the element of intent to commit serious injury.

We review the entire record to determine if there is a factual basis to support the plea.  *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).  Our de novo review of the record indicates Maldonado admitted in the written plea that he "did strike [the victim] with the intent to inflict serious injury and did so without right or justification," and the minutes of testimony disclose Maldonado threatened to assault the victim and later actually assaulted the victim, breaking the victim's jaw.  We find that because a factual basis supports his guilty plea, Maldonado's attorney was not ineffective in failing to file a motion in arrest of judgment.  We therefore affirm Maldonado's conviction and sentence pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**

---

[1] The State argues Maldonado failed to preserve error on this claim because he did not move in arrest of judgment.  *See* Iowa R. Crim. P. 2.24(3)(a) (providing that a defendant is precluded from challenging the adequacy of a guilty plea on appeal unless the defendant has filed a motion in arrest of judgment).  Maldonado failed to file a motion in arrest of judgment, and therefore, his claim is not preserved for our review.  *See id.*